# Arnold & Porter

**Paul J. Fishman**
+1 973.776.1901 Direct
Paul.Fishman@arnoldporter.com

December 4, 2025

The Honorable Michael A. Hammer
Magistrate Judge
U.S. District Court, District of New Jersey
50 Walnut Street
Newark, N.J. 07102

    Re:    *U.S. ex rel. Wasserman v. ICF Int'l, Inc., et. al.*, Case No. 18-cv-10330-ES-MAH

Dear Judge Hammer:

Pursuant to the Court's September 26, 2025 Order, Defendants ICF International, Inc., ICF Incorporated, LLC, Gilbane, Inc., Gilbane Building Company, Aptim Environmental & Infrastructure, LLC, Aptim Corp., and Aptim Government Solutions, LLC (collectively, the "Defendants") respectfully submit this Consolidated Letter in Support of Staying Discovery.[1]

This qui tam action involves speculative and conclusory allegations that Defendants violated the False Claims Act ("FCA") in connection with essential disaster recovery support they provided to the State of New Jersey following Hurricane Sandy. On February 18, 2025, Defendants separately moved to dismiss Relator Lee Wasserman's Amended Complaint in its entirety. *See* ICF Mot. to Dismiss [Dkt. 71]; Gilbane/Aptim Mot. to Dismiss [Dkt. 72]. Defendants argued that the Amended Complaint failed to set forth even minimal facts sufficient to plausibly plead an FCA violation, let alone to satisfy Rule 9(b)'s exacting particularity standard. ICF additionally argued that the Amended Complaint should be dismissed under the FCA's statutory public disclosure bar. If granted, Defendants' motions would fully dispose of Relator's claims.

---

[1] The Court's October 3, 2025 Standing Order 2025-06 (amended November 3, 2025) "immediately suspended, postponed, and held in abeyance" all civil litigation in this District involving the government as a party. Once the federal government was funded through congressional appropriation on November 12, 2025, the Court's Standing Order was lifted.

# Arnold & Porter

The Honorable Michael A. Hammer
December 4, 2025
Page 2

Under those circumstances, and given the strength of their respective motions to dismiss, Defendants respectfully submit that the Court should stay discovery while those motions are pending so that the parties, the Court, and federal and state government agencies can avoid a burdensome and costly process that will likely prove to be unnecessary. To be sure, discovery in every lawsuit is can be burdensome, and Defendants recognize that not every motion to dismiss warrants a stay. Yet FCA cases present unique considerations, given certain statutory hurdles such as *qui tam* actions (like the public disclosure bar), Rule 9(b)'s threshold pleading requirements, the exorbitant cost of discovery in FCA cases, and the central role the government's conduct as a counterparty plays in the dispute. In particular, given the nature and strength of Defendants' pending motions and the substantial burden that discovery would impose (on the Defendants and on the relevant government agencies), Defendants respectfully submit that a modest stay of discovery is appropriate here until the Court resolves those motions.

## I. LEGAL STANDARD

District courts have "broad discretion" to stay proceedings upon a showing of "good cause." Fed. R. Civ. P. 26(c); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

**Arnold & Porter**

The Honorable Michael A. Hammer
December 4, 2025
Page 3

## II. ARGUMENT

### A. Relator Should Not Receive Discovery Unless and Until He Satisfies Rule 9(b)'s Threshold Pleading Requirements

Courts routinely stay discovery in FCA cases pending disposition of a motion to dismiss on Rule 9(b) grounds. With its heightened pleading requirements, Rule 9(b) serves a crucial "screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). Issuing Relator a ticket to discovery "simply [because he] fil[ed] prolix but unsubstantiated claims" and "allowing [him] to use documents obtained in discovery to overcome pleading hurdles would circumvent the purpose of Rule 9(b)." *U.S. ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 803, 804–05 (11th Cir. 2014); *see also KH, RV v. Virgin Islands Water & Power Auth.*, No. CV 2021-81, 2024 WL 1313498, at *3 n.6 (D.V.I. Jan. 31, 2024) ("In a FCA case such as the present one, courts in applying the heightened pleading standard of Rule 9(b) do so with the idea that a plaintiff should not be able to use an inadequate complaint to get a foot in the door and discover unknown wrongs.").[2] Enforcing Rule 9(b)'s particularity requirement before allowing discovery to proceed

---

[2] *See, e.g., U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 380 (4th Cir. 2008) ("[I]f allowed to go forward, Relators' FCA claim would have to rest primarily on facts learned through the costly process of discovery. This is precisely what Rule 9(b) seeks to prevent."); *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 559 (8th Cir. 2006) ("[W]hen a plaintiff does not specifically plead the minimum elements of [his] allegation, it enables [the plaintiff] to learn the complaint's bare essentials through discovery and may needlessly harm a defendant['s] goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, are [sic] baseless allegations used to extract settlements." (citations omitted); *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004) (similar) *abrogated on other grounds as stated in Lestage v. Coloplast Corp.*, 982 F.3d 37, 46 (1st Cir. 2020).

# Arnold & Porter

The Honorable Michael A. Hammer
December 4, 2025
Page 4

thus "will not only protect defendants against strike suits, but will result in claims with discernable boundaries and manageable discovery limits." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 (11th Cir. 2006).

Stays are particularly appropriate in FCA cases because the statute is "quasi-criminal [in] nature . . . (i.e., a violator is potentially liable for treble damages)." *Id.*; *see Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 784 (2000) (FCA is "essentially punitive"). "Rule 9(b) ensures that the relator's strong financial incentive to bring an FCA claim—the possibility of recovering between fifteen and thirty percent of a treble damages award—does not precipitate the filing of frivolous suits." *Atkins*, 470 F.3d at 1360. Even where "discovery materials [would] substantiate" the allegations—unlikely here—"permitting the use of information obtained during the course of discovery" would impermissibly "render the Rule 9(b) heightened pleading standard a nullity." *U.S. ex rel. Sedona Partners LLC v. Able Moving & Storage, Inc.*, No. 20-cv-23242, 2022 WL 4115255, at *6 (S.D. Fla. Sept. 9, 2022).

### B.  Relator Cannot Use Discovery to Evade the Public Disclosure Bar

ICF additionally moved to dismiss Relator's complaint under the public disclosure bar, which prevents private citizens from filing *qui tam* actions that are substantially similar to information that was publicly disclosed before the plaintiff filed suit, unless the plaintiff is an "original source" of the information. *See* Dkt. 90 at 11–13.

"The public disclosure bar is intended to encourage suits by whistle-blowers with genuinely valuable information, while discouraging litigation by plaintiffs who have no significant

# Arnold & Porter

The Honorable Michael A. Hammer
December 4, 2025
Page 5

information of their own to contribute." *U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 570 (9th Cir. 2016) . Indeed, as the court noted in *U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228 (3d Cir. 2013), the "purpose of the public disclosure bar is 'to strike a balance between encouraging private persons to root out fraud and stifling parasitic lawsuits.'" *Id*. at 235 (quoting *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 559 U.S. 280, 295 (2010)). To give effect to the bar's purpose and "generally broad scope," *see Zizic*, 728 F.3d at 235, and to prevent individuals without useful non-public information from needlessly burdening the courts with *qui tam* actions where the federal government has declined to intervene, courts routinely stay discovery where (as here) an FCA defendant has moved to dismiss based on the public disclosure bar. *See, e.g.*, *Bayada Home Health Care Inc*., 2024 WL 5245475, at *3 (D.N.J. October 1, 2024); *KH, RV*, 2024 WL 1313498 at *2-3; *U.S. ex rel. Vanderlan v. Jackson HMA, LLC*, No. 15-cv-767, 2017 WL 9360854 (S.D. Miss. Dec. 22, 2017); *U.S. ex rel. Cox v. Smith & Nephew, Inc.*, No. 08-2832, 2010 WL 11606405, at *1 (W.D. Tenn. Nov. 17, 2010).[3]

The Third Circuit has instructed that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 Fed.App'x. 232, 239 (3d Cir. 2010). Where, as here, the

---

[3] Indeed, courts stay discovery pending the disposition of an interlocutory appeal of the denial of a motion to dismiss based on the public disclosure bar, even though they apply the more stringent (and, here, inapplicable) standard for entering a stay pending appeal. *See, e.g., U.S. ex rel. Silbersher v. Allergan Inc.*, No. 18-cv-03018, 2021 WL 292244, at *3 (N.D. Cal. Jan. 28, 2021); *U.S. ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, No. 17-cv-1694, 2019 WL 6973547, at *7 (C.D. Cal. Oct. 8, 2019).

**Arnold & Porter**

The Honorable Michael A. Hammer
December 4, 2025
Page 6

public disclosure bar mandates dismissal, additional discovery is futile because this defect cannot be cured. *See U.S. ex. rel. Schumann v. Astrazeneca Pharm.*, 769 F.3d 837, 849 (3d Cir. 2014) (recognizing that amendment of claim would be futile where public disclosure bar applied and affirming dismissal with prejudice).[4] In *Bayada Home Health Care Inc.,* for example, the court stayed discovery on the Relator's FCA claim pending defendants' motion to dismiss, recognizing that defendants' invocation of the public disclosure bar, among other defenses, "may narrow the issues in this case and thereby circumscribe the scope of discovery." 2024 WL 5245475 at *5.[5]

Here, as set forth more fully in ICF's Motion to Dismiss [Dkt. 71], Relator's allegations are nearly identical to the information *already disclosed* by the State of New Jersey in the January 2016 amendment of the RREM Program Policies and Procedures ("P&P"), published two and a half years *before* Relator shared any information with the Government. These facts are already established in the record and do not require discovery. If these facts require dismissal—which they do—further discovery would be futile and would only create undue hardship for ICF, particularly given the "potential substantial cost of discovery with respect to [FCA] claims in light of their

---

[4] Courts outside the Third Circuit have also held that discovery should be stayed pending the resolution of a defendant's public disclosure argument. "[G]iven the nature of the claims, the potential cost [defendant] faces in responding to discovery, particularly with regard to collection, identification, and production of documents, may be substantial. A stay until the Court has ruled on [defendant's] motion to dismiss would potentially prevent a significant, unnecessary expenditure of resources." *Vanderlan*, 2017 WL 9360854 at *1–2.

[5] Although the *Bayada* Court permitted discovery to continue as to Relator's retaliation and wrongful termination claims (which were not precluded by the public disclosure bar), no such claims are at issue here, and therefore a complete stay of discovery is appropriate.

Arnold&Porter

The Honorable Michael A. Hammer
December 4, 2025
Page 7

breadth and temporal scope." *Bayada Home Health Care Inc.*, 2024 WL at *4.

Even if the deficiencies of the Amended Complaint were curable, discovery cannot serve as a fact-finding mechanism to do so. See *KH, RV,* 2024 WL 1313498 at *3 n. 6 (citing *U.S. ex rel. Williams*, 2021 WL 4816607, at *1); *see also U.S. ex rel. Keeler,* 568 F. App'x at 803. Here, if Relator were able to plead facts to overcome the public disclosure bar, "he would have already done so." *Astrazeneca Pharm.*, 769 F.3d at 849. The Court should not permit Relator to cure the deficiencies in his claim through burdensome discovery, particularly because "information obtained by way of discovery . . . skews the picture of what information [a relator] actually derived from public disclosures and what he may be an original source of." *U.S. ex rel. Ackley v. Int'l Bus. Machs. Corp.*, 76 F. Supp. 2d 654, 660 (D. Md. 1999), *abrogated by statute on other grounds as stated in U.S. ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 184 (D. Md. 2019).

C. **The Balance of Equities Favors a Stay**

Setting aside the unique considerations that apply to FCA cases, the traditional factors also strongly favor a stay. Courts in this District typically consider: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." *Bayada Home Health Care, Inc.*, 2024 WL 5245475, at *3 (quoting *Actelion Pharmaceuticals Ltd. v. Apotex, Inc.*, No. 12-5743, 2013 WL 5524078, at *2–3 (D.N.J. Sept. 6, 2013)). These factors are not applied mechanically; the Court uses them to exercise its

# Arnold & Porter

The Honorable Michael A. Hammer
December 4, 2025
Page 8

considerable discretion in determining whether the balance of equities favors a stay.

A stay is appropriate where "resolution of the dispositive motions may narrow the issues in this case and thereby circumscribe the scope of discovery." *Freedman*, 2024 WL 5245475, at *5; *see also Mann*, 375 F. App'x at 239 (citing various authorities for the proposition that a stay of discovery is appropriate during the pendency of a motion to dismiss); *Top v. Ocean Petroleum, LLC*, No. 10-1042, 2010 WL 3087385, at *3 (D.N.J. Aug. 3, 2010) ("A Rule 12(b)(6) motion essentially represents a checkpoint that must be cleared before a plaintiff can reach the discovery stage of litigation."). "Where a dispositive motion is at issue, the Court need not form an opinion on the merits of the motion to determine whether a stay of discovery is appropriate. Instead, . . . the Court examines whether the pending dispositive motion does not appear to be without foundation or is otherwise frivolous." *Vicchairelli v. New England Linen Supply Co., Inc.*, No. CV 19-12989-JHR-KMW, 2020 WL 8335593, at *1 (D.N.J. Feb. 26, 2020) (citations omitted); *see also Mann*, 375 F. App'x at 239.

Here, if Defendants' motions are granted, a stay would "outright eliminate[] the need for discovery" and "maintain the status quo." *Actelion*, 2013 WL 5524078, at *5 (citations omitted). Because "a favorable resolution on [Defendants'] dispositive motion[s] would end this litigation," this factor "favors entry of a stay." *Id.* at *6.

Further, the equities favor the modest stay Defendants seek here. The burden to Defendants, the federal government, and the State of New Jersey from proceeding with discovery now far outweighs any prejudice to Relator. Discovery in FCA cases is extremely expensive. Todd

**Arnold & Porter**

The Honorable Michael A. Hammer
December 4, 2025
Page 9

J. Canni, *Who's Making False Claims, the* Qui Tam *Plaintiff or the Government Contractor? A Proposal to Amend the FCA to Require That All* Qui Tam *Plaintiffs Possess Direct Knowledge*, 37 Pub. Cont. L.J. 1, 11 n.66 (2007); *see* John T. Bentivoglio, *False Claims Act Investigations: Time for a NewApproach?*, 3 Fin. Fraud L. Rep. 801, 801 (Oct. 2011) (government contractors "spend billions each year" responding to FCA investigations and lawsuits); *U.S. ex rel. Godfrey v. KBR, Inc.*, 360 F. App'x 407, 411 (4th Cir. 2011) (discovery in FCA cases can be "costly"). "[T]he potential cost of discovery establishes a specific and substantiated risk of harm," tipping "the equities [in] favor of a stay." *Actelion*, 2013 WL 5524078, at *4.

Although discovery in any *qui tam* action is burdensome, this case presents additional concerns. Relator's claims cover events that occurred more than ten years ago. *See, e.g.*, Am. Compl. ¶¶ 81, 99 (alleging that New Jersey contracted with Defendants in May 2013; *id.* ¶ 51 (allegations related to event that occurred in October 2012). Most of Defendants' employees who worked on these programs have long since left the company. Even if responsive documents and information still exist, Defendants will need to spend considerable resources to locate the relevant custodians.

The burden of discovery would not be limited to Defendants. Relator's allegations concern a disaster relief program administered by the state of New Jersey, but largely funded by agencies of the federal government, including the Department of Housing and Urban Development, the Federal Emergency Management Agency, and potentially others. The role and involvement of

# Arnold & Porter

The Honorable Michael A. Hammer
December 4, 2025
Page 10

those entities, and their extensive interaction with the Defendants, could require time consuming and expensive discovery.

Further, it is difficult even to assess the scope of discovery in this case given the vague and unfocused nature of Relator's allegations. For much of the Amended Complaint, it is not even clear which allegations pertain to which Defendants, what claims are at issue, or even what is the operative time period. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

As to those allegations in the Amended Complaint that are discernible, Defendants anticipate they will be required to expend extensive resources and time to comply with Relator's discovery requests. Conversely, any prejudice to Relator resulting from a modest stay will be minimal at best. In the unlikely event that this matter proceeds beyond Defendants' dispositive motions, Relator will have ample opportunity to take his own discovery.

Finally, this case remains in the early stages of litigation. There has been no discovery conducted to date and a trial date has not yet been set.

### III.   CONCLUSION

Defendants respectfully request that this Court stay discovery pending disposition of their motions to dismiss.

# Arnold & Porter

The Honorable Michael A. Hammer
December 4, 2025
Page 11

Dated:  December 4, 2025

Respectfully submitted,

By:  /s/ Paul J. Fishman
Paul J. Fishman
ARNOLD & PORTER KAYE SCHOLER LLP
One Gateway Center, Suite 1025
Newark, New Jersey 07102
(973) 776-1900
paul.fishman@arnoldporter.com

Craig D. Margolis (*pro hac vice*)
Christian D. Sheehan (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000
craig.margolis@arnoldporter.com
christian.sheehan@arnoldporter.com

Randall H. Miller (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 15th St., Suite 3100
Denver, Colorado 80202
(303) 863-1000
randall.miller@arnoldporter.com

Sahrula Kubie (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
(212) 836-8000
sahrula.kubie@arnoldporter.com

***Attorneys for Defendants Gilbane, Inc., Gilbane Building Company, Aptim Environmental & Infrastructure, LLC, Aptim Corp., and Aptim Governmental Solutions, LLC***

# Arnold & Porter

The Honorable Michael A. Hammer
December 4, 2025
Page 12

          By:    <u>/s/ A. Hyun Rich</u>
                A. Hyun Rich
                SQUIRE PATTON BOGGS (US) LLP
                382 Springfield Ave., Suite 3000
                Summit, New Jersey 07901
                ally.rich@squirepb.com
                +1 973 848 5600

                Joseph Walker (*pro hac vice*)
                SQUIRE PATTON BOGGS (US) LLP
                2550 M Street NW
                Washington, DC 20037
                joseph.walker@squirepb.com
                +1 202 457 6000

                ***Attorneys for Defendants ICF International, Inc. and ICF Incorporated, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that true and accurate copies of the foregoing document were sent by email to counsel of record to all parties in this matter on December 4, 2025.

*/s/ Paul J. Fishman*
Paul J. Fishman